RONALD WISLOCKI *v.* TOWN OF PROSPECT ET AL.
(14578)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued January 7—decision released February 2, 1993

*Edward T. Dodd, Jr.,* with whom was *Charles Senich,* for the appellant (plaintiff).

*Ralph A. Russo,* for the appellees (named defendant et al.).

*Jane S. Scholl,* assistant attorney general, with whom were *Brewster Blackall,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, for the. appellee (defendant Second Injury and Compensation Assurance Fund).

PER CURIAM. The only issue in this certified appeal is whether an injured volunteer firefighter is eligible

for workers' compensation benefits to compensate him for his inability to pursue his unrelated concurrent employment for another employer. The plaintiff, Ronald Wislocki, suffered a heart attack while engaged in fire training for the volunteer fire department of the defendant town of Prospect.[1] At that time, he was employed by Prospect Machine Products. He has been awarded the benefits provided by statute for injured volunteer firefighters. General Statutes § 7-314a.[2] To supplement that award, he applied for concurrent employment benefits pursuant to General Statutes § 31-310.[3] The workers' compensation commissioner

[1] The other defendants are Travelers Insurance Company and the Second Injury and Compensation Assurance Fund.

[2] General Statutes § 7-314a provides in relevant part: "DEATH, DISABILITY AND INJURY BENEFITS. PRESUMPTION. (a) Except as provided in subsection (e) of this section, active members of volunteer fire departments shall be construed to be employees of the municipality for the benefit of which volunteer fire services are rendered while in training or engaged in volunteer fire duty and shall be subject to the jurisdiction of the workers' compensation commission and shall be compensated in accordance with the provisions of chapter 568 for death, disability or injury incurred while in training for or engaged in volunteer fire duty.

"(b) For the purpose of this section, the average weekly wage of a volunteer fireman shall be construed to be the average production wage in the state as determined by the labor commissioner under the provisions of section 31-309."

[3] General Statutes § 31-310 provides: "DETERMINATION OF AVERAGE WEEKLY WAGE OF INJURED WORKER. CONCURRENT EMPLOYMENT. PAYMENTS FROM SECOND INJURY FUND. For the purposes of this chapter, the average weekly wage shall be ascertained by dividing the total wages received by the injured worker from the employer in whose service he is injured during the twenty-six calendar weeks immediately preceding that during which he was injured, by the number of calendar weeks during which, or any portion of which, such worker was actually employed by such employer, but, in making such computation, absence for seven consecutive calendar days, although not in the same calendar week, shall be considered as absence for a calendar week. When the employment commenced otherwise than at the beginning of a calendar week, such calendar week and wages earned during such week shall be excluded in making the above computation. When the employment previous to injury as provided above is computed to be less than a net period of two calendar weeks, his weekly wage shall be considered to be equivalent to the average weekly wage

denied the application, and that decision was sustained
first by the compensation review division and there-

prevailing in the same or similar employment in the same locality at the
time of injury except that, when an employer has agreed to pay a certain
hourly wage to such worker, then the hourly wage so agreed upon shall
be the hourly wage for such injured worker and his average weekly wage
shall be computed by multiplying such hourly wage by the regular number
of hours that is permitted each week in accordance with such agreement.
For the purpose of determining the amount of compensation to be paid in
the case of a minor under the age of eighteen years who has sustained an
injury entitling him to compensation for total or partial incapacity for a
period of fifty-two or more weeks, or to specific indemnity for any injury
under the provisions of section 31-308, the commissioner may add fifty per
cent to his average weekly wage, except in the case of a minor under six-
teen years of age, in which case the commissioner may add one hundred
per cent to his average weekly wage. When the injured employee is a trainee
or apprentice receiving a subsistence allowance from the United States
because of war service, such allowance shall be added to his actual earn-
ings in determining the average weekly wage. Where the injured employee
has worked for more than one employer at the time of injury and the aver-
age weekly wage received from the employer in whose employ he was
injured, as determined under the provisions of this section, are insufficient
for him to obtain the maximum weekly compensation rate from such
employer under section 31-309 prevailing at the time of his injury, his aver-
age weekly wages shall be calculated upon the basis of wages earned from
all such employers in the period of such concurrent employment not in excess
of twenty-six weeks prior to the date of the injury, but the employer in
whose employ the injury occurred shall be liable for all medical and hospi-
tal costs, a pro rata portion of the compensation rate based upon the ratio
of the amount of wages paid by him to the total wages paid the employee
in such average week but not less than an amount equal to the minimum
compensation rate prevailing at the time of injury and, if he is totally
incapacitated, the applicable dependency allowance, if any, due under sec-
tion 31-308b. The remaining portion of the applicable compensation rate
shall be paid from the second injury and assurance fund. In cases which
involve concurrent employment and in which there is a claim against a third
party, the injured employee or the employer in whose employ the injury
was sustained or the employer's insurer shall advise the custodian of the
second injury fund if there is a third party claim, and such employee,
employer or employer's insurer shall pursue its subrogation rights as pro-
vided for in section 31-293 and shall include in its claim all benefits paid
by the second injury fund and shall reimburse the second injury fund for all pay-
ments made for compensation in the event of a recovery against the third party."
This statute, in effect at the time this action was instituted, was amended
by Nos. 91-32 and 91-339 of the 1991 Public Acts, effective July 1, 1991.

after by the Appellate Court. *Wislocki* v. *Prospect,* 27 Conn. App. 919, 608 A.2d 105 (1992). Having granted the plaintiff's petition for certification to appeal; *Wislocki* v. *Prospect,* 223 Conn. 911, 612 A.2d 58 (1992);[4] we now affirm the judgment of the Appellate Court.

The plaintiff's claim that he is entitled to concurrent employment benefits cannot be sustained in light of our decision in *Going* v. *Cromwell Fire District,* 159 Conn. 53, 267 A.2d 428 (1970). In *Going,* we held that an injured volunteer firefighter does not come within the terms of the concurrent employment provisions of § 31-310. Id., 58. We concluded that, although General Statutes (Cum. Sup. 1967) § 7-314a (a) (2)[5] entitles injured volunteer firefighters to receive disability benefits, such firefighters are not "employees" of the municipality for purposes of the "more than one employer" requirement of § 31-310. Id., 58–59. We also determined in *Going* that, because the compensation scheme set forth in § 31-310, if applied to volunteer firefighters, would be inconsistent with the scheme in § 7-314a (b), it was appropriate to apply the more specific provision, § 7-314a (b). Id., 59–60. These conclusions make the contrary argument of the plantiff untenable.

[4] The certified question was: "Is a volunteer fire fighter eligible for benefits under General Statutes § 7-314a also eligible for concurrent employment benefits pursuant to General Statutes § 31-310?" *Wislocki* v. *Prospect,* 223 Conn. 911, 612 A.2d 58 (1992).

[5] General Statutes (Cum. Sup. 1967) § 7-314a (a) (2) is the predecessor of the current § 7-314a (a). See Public Acts 1967, No. 892, § 2. Section 7-314a (a) (2) provided in pertinent part: "DEATH, DISABILITY AND INJURY BENEFITS. (a) Active members of volunteer fire departments shall be compensated for death, disability or injury . . . as follows . . . (2) all other volunteer firemen who are not such public employees [for whom compensation is provided by general or special law] shall be construed to be employees of the municipality for the benefit of which volunteer fire services are rendered while in training or engaged in volunteer fire duty and shall be compensated in accordance with the provisions of chapter 568. . . ."

Finally, the legislature's 1969 amendment to § 7-314a is consistent with our holding in *Going*.[6] Public Acts 1969, No. 464, § 1. Significantly, the legislature added § 7-314a (c), which provides: "For the purpose of this section, there shall be no prorating of compensation benefits because of other employment by a volunteer fireman."[7]

The judgment is affirmed.

---

[6] The amendment, Public Acts 1969, No. 464, § 1, which changed the statute in a number of respects, did not affect the proceedings in *Going* v. *Cromwell Fire District*, 159 Conn. 53, 267 A.2d 428 (1970), because in that case the volunteer firefighter had sustained his accidental injuries in 1968. Id., 55.

[7] The 1969 amendment also added General Statutes § 7-314a (d), which provides: "For the purpose of adjudication of claims for the payment of benefits under the provisions of chapter 568, any condition of impairment of health occurring to an active member of a volunteer fire department while such member is in training for or engaged in volunteer fire duty, caused by hypertension or heart disease resulting in death or temporary or permanent total or partial disability, shall be presumed to have been suffered in the line of duty and within the scope of his employment, provided such member had previously successfully passed a physical examination by a licensed physician appointed by such department which examination failed to reveal any evidence of such condition."

Section 7-314a was amended again in 1989, adding subsection (e), which provides: "Any member of a volunteer fire company or department performing fire duties pursuant to a mutual aid understanding between municipalities shall be entitled to all benefits pursuant to this section and shall be construed to be an employee of the municipality in which his fire company or department is located." See Public Acts 1989, No. 89-22, § 2. Because the plaintiff sustained his injury in 1988, however, the 1989 amendment is not relevant in this case.